**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2400-18T1

PETER LAGOMARSINO,

     Plaintiff-Respondent,

v.

MARY LAGOMARSINO
n/k/a MARY LANNI,

     Defendant-Appellant.

_____

          Submitted December 16, 2019 – Decided  September 22, 2020

          Before Judges Fasciale and Mitterhoff.

          On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-1121-07.

          Mary Lanni, appellant pro se.

          Peter Lagomarsino, respondent pro se.

    The opinion of the court was delivered by

MITTERHOFF, J.A.D.

In this post-dissolution matter, defendant Mary Lagomarsino n/k/a Mary Lanni appeals pro se from a Family Part judge's December 19, 2018 order memorializing a settlement of the parties' agreement concerning child support and contribution to college expenses. Based on the record and the applicable law, we affirm.

We discern the following facts from the record. On November 18, 2018, the parties appeared for a scheduled plenary hearing to consider (1) defendant's motion to enforce plaintiff's education obligation as stated in the parties' Property Settlement Agreement (PSA); and (2) her motion for an upward modification of child support. The plenary hearing never occurred, however, because the parties reached a settlement after an extensive settlement conference with the judge and counsel and their clients. Eventually, counsel for both parties reported on the record that the matter had settled, and the terms of the settlement were placed on the record.

By order dated December 19, 2018, the judge memorialized the settlement in order to facilitate enforcement of its terms by Probation. The record reveals that the order mirrors the terms set forth on the record the day before. The order provides that (1) plaintiff shall pay $11,000 per year representing his child

2

support and college education contribution; (2) plaintiff shall pay $9725.50[1] by January 1, 2019, directly to the child's college; (3) for the last two years of college, plaintiff shall pay $5500 on August 1, 2019, January 2, 2020, August 1, 2020, and January 1, 2021, directly to the child's college; (4) Probation to suspend collection of child support payments commencing December 31, 2018; and (5) any child support arrears currently on plaintiff's account are not vacated and his arrears paycheck shall remain at $50 per week.

After receipt of the December 19, 2018 order, defendant did not object to the form of order or otherwise claim that it failed to comport with the terms of the settlement. A review of the transcript reveals that she did understand the terms of the settlement and she expressly stated so in sworn colloquy with the judge. Defendant never made a motion to set aside or vacate the settlement for any reason, and until this appeal never claimed she was coerced into agreeing with its terms. Rather than seek any of the foregoing relief, defendant pursued this appeal.

On appeal, defendant present the following arguments for our review:

> POINT I
> The New Jersey Standards for Appellate Review permit
> this court to consider whether the trial court's refusal to

---

[1] Because the daughter had already completed two years of college, this amount represents his obligation with a reduction for payments made.

A-2400-18T1

conduct a scheduled plenary hearing and refusal to hear evidence warrants vacating the Civil Action Order filed on December 19, 2018, and remanding the matter for a plenary hearing  (not raised below)

POINT II
The trial court violated the substantive due process rights of the appellant to be heard and to free speech during the December 18, 2018 proceeding  (not raised below)

POINT III
The trial court violated numerous Canons of the Revised Code of Judicial Conduct, and has prejudiced appellant.  (not raised below)

POINT IV
The Order filed December 19, 2018 was not entered by consent, as written, but is the result of the trial court's tactic to dispose of the case. The trial court abused its discretion and gave appellant no choice but to participate in a coerced settlement proceeding  (not raised below)

POINT V
The Order filed December 19, 2018 should be vacated because it contains numerous errors  (not raised below)

POINT VI
The trial court improperly circumnavigated the parties' PSA and changed its terms without cause and without hearing any evidence  (not raised below)

We conclude that none of defendant's proffered arguments have sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).  At the outset, because defendant never sought relief by way of a motion to vacate the

4

settlement, we are deprived of more thorough factual or legal findings to facilitate appellate review of her claims.

Regardless, contrary to defendant's allegations, the order comported with the terms of the settlement set forth on the record. Defendant was present at the hearing and represented by counsel. Defendant indicated on the record that she understood the terms of the settlement. Finally, the record before us does not support any finding of coercion or judicial misconduct.[2] Rather, the thrust of all defendant's arguments is that she now wishes she had insisted on a trial instead of settling, believing she may have gotten a better result. That is not a sufficient basis to set aside an otherwise valid settlement.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] We reject defendant's argument that a judge in the context of allowing the parties to place settlement terms on the record must make findings of fact and conclusions of law. We also reject that a more formal voir dire asking expressly whether defendant was knowingly and voluntarily waiving her right to a trial was required. See Jennings v. Reed, 381 N.J. Super. 217, 228–299 (App. Div. 2005) (explaining that no formalization of a settlement on the record does not make it any less binding).

5                                                          A-2400-18T1